# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOVICA PETROVIC, | ) |
| Petitioner, | ) |
| v. | ) No. 4:15CV872 HEA |
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) |

## OPINION, MEMORANDUM AND ORDER

Petitioner, an inmate at Butner Federal Correctional Institution, seeks leave to proceed in forma pauperis in this civil action under 28 U.S.C. § 1651. After reviewing petitioner's financial information, the Court will grant the motion.

Having reviewed petitioner's motion, the Court finds that it does not seek cognizable relief under § 1651. Rather, the relief petitioner seeks is only available under 28 U.S.C. § 2255. The Court notes that petitioner currently has a pending action before this Court brought pursuant to § 2255. *See Petrovic v. United States*, 4:14CV334 HEA (E.D.Mo.). As such, this action will be dismissed as duplicative.

### Background

Petitioner was found guilty by a jury of four counts of interstate stalking and harassment in violation of protection orders, and two counts of interstate extortionate threat. See *United States v. Petrovic,* 4:10CR415 HEA (E.D.Mo.). On February 15, 2012, the Court sentenced movant to 96 months imprisonment and 3 years supervised release. *Id.* The Court of Appeals for the Eighth Circuit affirmed. *See United States v. Petrovic*, No. 12-1427 (8th Cir. 2012).

On February 24, 2014 petitioner filed his first motion to vacate under 28 U.S.C. § 2255. *Petrovic v. United States,* 4:14CV1360 (E.D. Mo.). This matter is still pending before the Honorable Henry Edward Autrey.

**Discussion**

In the instant petition for writ of mandamus before the Court, petitioner argues that he should be released from confinement based on the United States Supreme Court's decision in *Alleyne v. United States,* 133 S. Ct. 2151 (2013). Petitioner believes that the decision is retroactively applicable on collateral review and that it provides him relief from his conviction and sentence.

An application by a prisoner that asserts a federal basis for relief from a federal court's judgment of conviction must be brought under 28 U.S.C. § 2255 and it must comply with the second or successive restrictions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Gonzalez v. Crosby,* 545 U.S. 524, 530 (2005). Thus, a petitioner is not permitted to circumvent the AEDPA's second or successive petition requirements, or bring two petitions for relief at once, simply by labeling the petition or motion as something other than what it is. *See id.* at 531. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004).

Because the claims in the instant petition are duplicative of the claims pending before this Court in petitioner's motion to vacate in *Petrovic v. United States,* 4:14CV1360 (E.D. Mo.), this matter will be dismissed as duplicative.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice, as duplicative of the claims set forth in *Petrovic v. United States,* 4:14CV1360 (E.D. Mo.).

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

Dated this 23rd day of June, 2014.

/s/ Henry Edward Autrey
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE